EDMUND G. MURRAY vs. BRADFORD QUINT.

York.    Opinion November 30, 1906.

*Promissory Notes.    Same defined.    Holmes Notes.    Limitation of Actions.*
*R. S., chapter 83, section 89.*

1.  A note in which the payor for value received unconditionally promises to pay to the payee or order a fixed sum of money at a fixed date is a promissory note within the purview of the statute R. S., chapter 83, section 89, and if signed in the presence of an attesting witness is not barred in six years from its maturity.

2.  The addition to such promise of a statement of the consideration for the note (not being illegal) and of a stipulation that the goods for which the note was given shall remain the property of the vendor until payment of the note, does not affect the character of the note as a promissory note within the statute cited.

3.  The following instrument is a promissory note within the statute, viz :—
    "$112.85.                                    Springvale, Me., Feb. 17, 1896.
Four months after date for value received I promise to pay E. G. Murray or order one hundred twelve and 85–100 dollars, with interest at six per cent, the same being for the following named property which I have this day bought of said Murray, one brown horse 12 years old weight 1130 lbs., one top carriage made by the Water Town Spring Wagon Co., and one set of one-horse sleds called the Nutter sleds, said horse, carriage and sleds is to remain the property of said Murray until said sum and interest are paid.    Payable at any Nat. Bank.
                                                BRADFORD QUINT."
    "Attest:  DORA A. MURRAY.

On exceptions by defendant.    Overruled.

Assumpsit on a written instrument of the following tenor:
    "$112.85                                    Springvale, Me., Feb. 17, 1896.
Four months after date for value received I promise to pay E. G. Murray or order one hundred twelve and 85-100 dollars, with interest at six per cent, the same being for the following named property which I have this day bought of said Murray, one Brown horse 12 years old, weight 1130 lbs., one top carriage made by the Water Town Spring Wagon Co. and one set of one-horse sleds called the Nutter sleds, said horse, carriage and sleds is to remain the property of said Murray until said sum and interest are paid. Payment at any Nat. Bank.                    BRADFORD QUINT.
    "Attest, DORA A. MURRAY."

Plea, the general issue together with a brief statement that the "defendant did not at any time within six years next before the commencement of this writ promise in manner and form as the plaintiff in his writ alleged against him."

Heard at the January term, 1906, of the Supreme Judicial Court, York County, before the presiding Justice, without the intervention of a jury, with the right of exception by either party to rulings upon questions of law.

The following facts were agreed upon : " The signatures of the maker and subscribing witness," and "that no payments on said instrument have been made, and no new promise given." The presiding Justice found the following facts : "The personal property described in said instrument was delivered to the defendant on the day of its date as a part of the transaction between the parties. The defendant since the date of this transaction has resided in this state."

" Upon these facts the presiding Justice ruled as a matter of law that the instrument declared on was a good promissory note, and that the plaintiff was entitled to recover the sum named therein viz., one hundred and twelve dollars and eighty-five cents (112.85), and interest thereon from date." To this ruling the defendant took exceptions.

The case appears in the opinion.

*Geo. A. Goodwin,* for plaintiff.

*Allen & Abbott,* for defendant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, SPEAR, JJ.

EMERY, J. This is an action counting on the following written instrument as a promissory note, viz :

"$112.85             Springvale, Me., Feb. 17, 1890.

Four months after date for value received I promise to pay E. G. Murray or order one hundred twelve and 85-100 dollars, with interest at six per cent, the same being for the following named property which I have this day bought of said Murray, one Brown

horse 12 years old weight 1130 lbs., one top carriage made by the Water Town Spring Wagon Co., and one set of one-horse sleds called the Nutter sleds, said horse, carriage and sleds is to remain the property of said Murray until said sum and interest are paid.

Payable at any Nat. Bank.                    BRADFORD QUINT.

" Attest : DORA A. MURRAY."

The statute of limitations was set up in defense but it is admitted that the instrument was signed in the presence of an attesting witness, and that the statute does not apply to this action if the instrument is a promissory note within the meaning of R. S., ch. 83, sec. 89, which declares that the six years limitations "do not apply to actions on promissory notes signed in the presence of an attesting witness."

The defendant's contention is that the instrument is simply evidence of an agreement by the plaintiff to sell the articles therein named, and an agreement by the defendant to purchase and pay for them ; that there is no obligation to pay till the sale is actually made, a circumstance striking the instrument out of the category of promissory notes. The contention cannot be sustained. By the express terms of the instrument the defendant, acknowledging value received, unconditionally promised to pay to the plaintiff or his order a fixed sum of money at a fixed time. This is all that is necessary to constitute a promissory note within the statute cited.

The additions of the statement of the consideration (not being illegal) and of the stipulation that the title to the goods bought by the promise shall remain in the plaintiff until the performance of the promise, do not at all modify the explicit terms of the promise itself. There is no intimation in any part of the instrument of any contingency in which the defendant need not pay according to the explicit terms of his promise. The instrument is a promissory note signed in the presence of an attesting witness, and the statute of limitations does not apply.    *Collins* v. *Bradbury*, 64 Maine, 37.

*Exceptions overruled.*